DEPARTMENT OF THE AIR FORCE, 436TH AIRLIFT WING, DOVER AIR FORCE BASE, Petitioner,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

American Federation of Government Employees, Local 1709, Intervenor for Respondent.

No. 01–1373.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 10, 2002.

Decided Jan. 17, 2003.

Sandra Wien Simon, Attorney, U.S. Department of Justice, argued the cause for

petitioner. With her on the briefs was William Kanter, Deputy Director.

David M. Smith, Solicitor, Federal Labor Relations Authority, argued the cause for respondent. With him on the brief were William R. Tobey, Deputy Solicitor, and James F. Blandford, Attorney.

Kevin M. Grile argued the cause for intervenor. With him on the brief were Mark D. Roth and Charles A. Hobbie.

Before: SENTELLE, ROGERS and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

The Department of the Air Force, 436th Airlift Wing, Dover Air Force Base ("Air Force") petitions for review of an order from the Federal Labor Relations Authority ("FLRA") concluding that the Air Force committed an unfair labor practice by conducting a formal discussion with a bargaining unit employee concerning the mediation of a formal Equal Employment Opportunity ("EEO") grievance without affording the labor union of which the employee is a member notice and an opportunity to be present pursuant to 5 U.S.C. § 7114(a)(2)(A) (2000). The FLRA seeks enforcement of its order. The Air Force argues that an EEO complaint is not a "grievance" under section 7103(a)(9) and, thus, that it does not trigger the Union's formal discussion rights under section 7114(a)(2)(A). The Air Force also argues that the FLRA's interpretation of section 7114(a)(2)(A) is impermissible, urging us to adopt the reasoning of the Ninth Circuit in *IRS, Fresno Service Center, Fresno, Calif. v. FLRA*, 706 F.2d 1019 (9th Cir.1983). Because we agree with the FLRA that its interpretation is permissible, we deny the Air Force's petition for review and grant the FLRA's cross-application for enforcement of its order.

I

The 1972 amendments to Title VII of the Civil Rights Act extend coverage of the Act to include the employment practices of the federal government. Pub.L. No. 92–261, § 11, 86 Stat. 111 (1972) (codified as amended at 42 U.S.C. § 2000e–16 (2000)). The authority for enforcing the Civil Rights Act resides with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–4 (2000).

Under EEOC regulations, an employee is required to attempt to resolve his complaint on an informal basis (e.g., pre-complaint counseling) before filing a formal complaint. Pursuant to the federal sector EEO program, agencies are responsible for investigating complaints filed against them by their employees. 29 C.F.R. § 1614.108(a) (2002). Mediation is often available in appropriate cases to assist the parties in resolving their disputes. In this case, the Air Force had a contract with Resolution Group to provide mediation services. The contract provides that Resolution Group will provide its services pursuant to the Alternative Dispute Resolution Act, 5 U.S.C. § 571 *et seq.* (2000) ("ADR Act").

EEOC regulations encourage agencies to settle EEO cases. They are encouraged to "incorporate alternative dispute resolution [ADR] techniques into their investigative efforts" in order to promote early resolution of disputes. 29 C.F.R. § 1614.108(b). They are instructed to make "reasonable efforts" to voluntarily settle disputes as early as possible. 29 C.F.R. § 1614.603.

EEOC regulations provide that when a complaint of discrimination is covered by a collective-bargaining agreement ("CBA") that permits such complaints to be raised in a negotiated grievance procedure, the person filing the complaint "must elect to raise the matter under either part 1614 or

the negotiated grievance procedure, but not both." 29 C.F.R. § 1614.301(a). On the other hand, "[w]hen a person is not covered by a [CBA] that permits allegations of discrimination to be raised in a negotiated grievance procedure, allegations of discrimination shall be processed as complaints under [EEOC regulations part 1614]." 29 C.F.R. § 1614.301(b).

Section 1614.109(e) provides that attendance at hearings is limited to those with direct knowledge relating to the complaint. Furthermore, "[h]earings are part of the investigative process and are thus closed to the public." 29 C.F.R. § 1614.109(e).

EEOC Management Directive 110 ("MD 110") is a document issued by the EEOC to provide federal agencies with EEOC policies, procedures, and guidance relating to the processing of employment discrimination complaints governed by part 1614 of EEOC regulations. EEOC regulations and MD 110 require that all agencies establish an ADR program to be utilized during the pre-complaint process as well as during the formal complaint process. 29 C.F.R. § 1614.102(b)(2); MD 110, Ch. 3, § I.

MD 110 also provides that agencies must be mindful of the information disclosure prohibitions imposed by the Privacy Act, 5 U.S.C. § 552a (2000). Pre- and post-complaint information is contained in a system of records that are subject to the Privacy Act. This information "cannot be disclosed to a union unless the complaining party elects union representation or gives his/her written consent." MD 110, Ch. 3, § II(A)(6).

Confidentiality is an essential component to the success of agency ADR proceedings. MD 110, Ch. 3, § VII(A)(3).

> Parties who know that their ADR statements and information are kept confidential will feel free to be frank and forthcoming during the proceeding, without fear that such information may later be used against them. To maintain that degree of confidentiality, there must be explicit limits placed on the dissemination of ADR information.

*Id.* Agencies are encouraged to issue their own written policies to protect the confidentiality of ADR proceedings. *Id.*

The Federal Service Labor–Management Relations Act, 5 U.S.C. § 7101 *et seq.* (the "Act"), provides a general framework for regulating labor-management relations for the federal government. The Act provides that CBAs shall contain procedures for the settlement of grievances. 5 U.S.C. § 7121(a)(1). However, the parties to a CBA can exclude any subject from the coverage of the CBA and its grievance procedures. *Id.*

The Act regulates the manner in which CBAs are negotiated as well as the manner in which a bargaining unit employee may challenge adverse personnel actions. Section 7114 of the Act defines the right of representation of the employees in the grievance process. It provides that

> [a]n exclusive representative of an appropriate unit in an agency shall be given the opportunity to be represented at –
>
> any formal discussion between one or more representatives of the agency and one or more employees in the unit or their representatives concerning any grievance or any personnel policy or practices or other general condition of employment.

5 U.S.C. § 7114(a)(2). Section 7103(a)(9) defines what constitutes a "grievance."

> "[G]rievance" means any complaint –
>
> (A) by any employee concerning any matter relating to the employment of the employee;
>
> (B) by any labor organization concerning any matter relating to the employment of any employee; or

(C) by an employee, labor organization, or agency concerning –

 (i) the effect or interpretation, or a claim of breach, of a [CBA]; or

 (ii) any claimed violation, misinterpretation, or misapplication of any law, rule, or regulation affecting conditions of employment.

5 U.S.C. § 7103(a)(9).

The matters to be processed under the CBA's grievance procedures are expressly limited by section 7121(d) of the Act, which preserves the employee's right to proceed with a discrimination claim through existing statutory schemes. Section 7121(d), similarly to part 1614 of EEOC regulations, provides for the aggrieved employee to elect his means of seeking relief. If an "aggrieved employee" is affected by a prohibited personnel practice under 5 U.S.C. § 2302(b)(1) (2000) (incorporating the Civil Rights Act) that also falls within the coverage of the negotiated grievance procedure, the employee "may raise the matter under a statutory procedure or the negotiated procedure, but not both." 5 U.S.C. § 7121(d). Section 7121(d) notes that selection of the negotiated grievance procedure does not preclude the aggrieved employee from requesting EEOC review of a final decision in a matter "involving a complaint of discrimination of the type prohibited by any law administered by the [EEOC]." 5 U.S.C. § 7121(d). Thus, section 7121(d) provides for alternative avenues of relief, and the EEOC has final review authority over any decision resulting from the grievance procedure involving discrimination within the EEOC's jurisdiction.

Elizey Jones, Jr., a member of the bargaining unit of employees at Dover AFB, filed a formal EEO complaint of discrimination pursuant to part 1614 of the EEOC regulations in November of 1999 in connection with a suspension that had been imposed upon him. Jones did not file a complaint pursuant to the CBA grievance procedure because the CBA explicitly excludes claims of discrimination from the grievance procedure. Labor–Management Contract between Dover Air Force Base, Delaware and Local 1709, AFGE at Art. 22, § 3 ("The negotiated Grievance procedures will not cover/pertain to grievances or appeals concerning ... EEO complaints.").

Jones requested that the Air Force initiate mediation of his complaint pursuant to EEOC regulations. The Air Force referred this request to the Resolution Group. Kathy Fragnoli, owner of the Resolution Group, was assigned to mediate the dispute.

Prior to the mediation, Jones and the agency representative, Captain Rockenbach, signed a confidentiality agreement in order to preserve the confidentiality of the mediation. On January 18, 2000, mediator Fragnoli, Jones, and Rockenbach participated in a mediation proceeding for approximately six hours. About 20% of the time was spent in joint sessions, the rest in individual caucuses. The parties failed to reach a settlement. Jones' union, Local 1709 of the American Federation of Government Employees, was neither notified of, nor given the opportunity to attend, the mediation.

Local 1709 filed an unfair labor practice complaint with the FLRA, and a hearing was held before Administrative Law Judge Garvin Lee Oliver (the "ALJ"). The ALJ concluded that the mediation proceedings constituted a formal discussion within the meaning of section 7114(a)(2)(A) of the Act and that the Air Force violated that section by failing to provide Local 1709 notice and an opportunity to be represented at the mediation. The ALJ found that the mediation concerned a grievance within the meaning of section 7114(a)(2)(A), relying on an FLRA decision that formal EEO

complaints are grievances within section 7114(a)(2)(A) notwithstanding a negotiated grievance procedure that excludes discrimination complaints. *See Luke Air Force Base, Ariz.*, 54 F.L.R.A. 716, 1998 WL 537325 (1998), *rev'd*, 208 F.3d 221 (9th Cir.1999) (Table). The ALJ also concluded that the presence of a union representative at the mediation of an EEO complaint would not conflict with EEOC regulations or the ADR Act.

The Air Force filed exceptions to the decision of the ALJ. The FLRA agreed with the ALJ that the Air Force violated the Act by failing to provide Local 1709 with notice and an opportunity to be heard. The FLRA found that the mediation concerned a grievance. In doing so, the FLRA focused on the language of section 7103(a)(9) which states that a grievance is "any complaint . . . by any employee concerning *any* matter relating to the employment of the employee." 5 U.S.C. § 7103(a)(9) (emphasis added). The FLRA found that this broad definition included *any* employment-related complaint, regardless of the forum chosen.

The FLRA rejected the Ninth Circuit's determination that the formal discussion right does not apply during EEOC proceedings because those complaints are "discrete and separate from the grievance process to which 5 U.S.C. §§ 7103 and 7114 are directed." *IRS Fresno*, 706 F.2d at 1024. The FLRA also rejected the Air Force's argument that section 7121 provides a basis for limiting the definition of grievance. The FLRA relied on this Court's decision in *National Treasury Employees Union v. FLRA*, 774 F.2d 1181 (D.C.Cir.1985) ("*NTEU*"), in which this Court held that section 7121 provides that a grievance includes both those complaints filed pursuant to a negotiated grievance procedure and those filed pursuant to alternative statutory procedures. *Id.* at 1187. The FLRA, after reviewing the legislative history of the Act, concluded that the term grievance should not be limited to matters covered by a negotiated grievance procedure. Moreover, the FLRA held that to the extent the legislative history supports a narrower definition of grievance, it does so only with respect to section 7121, not the formal discussion right provisions of section 7114.

The FLRA rejected the Air Force's arguments that unions have no institutional interest in the processing of EEO complaints. The FLRA stated that unions have an interest in how such complaints are resolved and that their interest does not depend on the forum in which the employee files his complaint. The FLRA, citing *Department of Veterans Affairs v. FLRA*, 3 F.3d 1386, 1390 (10th Cir.1993), noted that the resolution of one individual complaint may bear on the rights of other bargaining unit employees.

The FLRA also rejected the Air Force's argument that the exclusion of EEO disputes from the negotiated grievance procedure amounts to a waiver of any rights Local 1709 has with respect to such matters. The FLRA remarked that Local 1709 may have excluded these matters simply to avoid some of the expenses related to processing EEO grievances.

The FLRA found no conflict between Local 1709's formal discussion right and EEOC regulations or the ADR Act. The FLRA found no EEOC regulation precluding union attendance. With respect to the ADR Act, the FLRA found that Local 1709 was a party under the ADR Act because it was "entitled as of right to be admitted," 5 U.S.C. § 551(3), pursuant to its formal discussion rights under section 7114(a)(2)(A) of the Act. In the alternative, the FLRA ruled that the ADR Act contemplates the attendance and participation of "nonparty participants." 5 U.S.C. § 574(a)(1), (e). Lastly, the FLRA

dismissed the Air Force's remaining arguments as conjectural. The Air Force had cited potential problems with the FLRA's rule that the FLRA thought purely hypothetical in the present case.

The Air Force petitioned for review here.

## II

■ Section 7103(a)(9) defines "grievance" as "any complaint ... by any employee concerning any matter relating to the employment of the employee." 5 U.S.C. § 7103(a)(9). Although the Air Force contends that the EEO proceeding initiated by Jones is not a grievance within the meaning of section 7103(a)(9), our decision in *NTEU* demonstrates otherwise. *See* 774 F.2d at 1186–87 (holding that a grievance includes both those complaints filed pursuant to a negotiated grievance procedure and those filed pursuant to alternative statutory procedures). The Air Force suggests that *NTEU* is distinguishable because it involved a Merit Systems Protection Board ("MSPB") proceeding rather than an EEO proceeding; however, our analysis in *NTEU* relied upon the text, structure, and legislative history of the Act and did not rest on the type of grievance in question. *See* 774 F.2d at 1185–88. We find no reason to distinguish *NTEU*; accordingly, we will read the term "grievance" as we did in that case.

■ Because the present case involves a "grievance" as defined in section 7103, Local 1709's section 7114 formal discussion rights are triggered, and we turn to the issue of whether the FLRA's construction of section 7114(a)(2)(A) passes *Chevron* muster. In interpreting an agency's enabling or organic statute, we "employ[ ] traditional tools of statutory construction" to determine "whether Congress has directly spoken to the precise question at issue." *Chevron U.S.A. Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842, 843 n.

9, 104 S.Ct. 2778, 2781, 2782 n. 9, 81 L.Ed.2d 694 (1984). We "must give effect to the unambiguously expressed intent of Congress;" if the statute is unambiguous on the question at issue, our inquiry ends there. *Id.* at 842–43, 104 S.Ct. at 2781 (*Chevron* step one). Where "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. at 2782 (*Chevron* step two). The Supreme Court has stated that the FLRA is entitled to "considerable deference when it exercises its special function of applying the general provisions of the [Act] to the complexities of federal labor relations." *National Fed'n of Fed. Employees, Local 1309 v. Dep't of the Interior*, 526 U.S. 86, 99, 119 S.Ct. 1003, 1011, 143 L.Ed.2d 171 (1999) (quotation omitted).

Section 7114(a)(2)(A) provides that a union has a right to be represented at "any formal discussion between one or more representatives of the agency and one or more employees in the unit or their representatives concerning any grievance or any personnel policy or practices or other general condition of employment." 5 U.S.C. § 7114(a)(2)(A). The FLRA has construed this language as providing Local 1709 the right to have a union representative present at the mediation of a formal EEO complaint filed by Jones, one of Local 1709's members.

The language of section 7114(a)(2)(A) is quite broad. Because it does not yield a clear and unambiguous interpretation, we move past step one to step two of the *Chevron* inquiry. The FLRA's construction is a natural reading of the broad statutory language. In addition, the FLRA's construction is supported by our decision in *NTEU*, 774 F.2d at 1189 (holding that section 7114(a)(2)(A) provides

"that an exclusive representative has the right to be present at *any* formal discussion of a grievance between management and a bargaining unit employee"). Nevertheless, the Air Force argues that the FLRA's construction is impermissible, urging the Court to follow the Ninth Circuit's reading of section 7114(a)(2)(A) in *IRS Fresno,* 706 F.2d 1019. In that case, the Ninth Circuit held that a pre-complaint conciliation conference was not a grievance, explaining that EEOC procedures "are not controlled by [section] 7114(a)(2)(A) because they are discrete and separate from the grievance process to which [sections] 7103 and 7114 are directed." *IRS Fresno,* 706 F.2d at 1024. The problem with this argument is that we previously disagreed with the Ninth Circuit's narrow reading of section 7114(a)(2)(A). *NTEU,* 774 F.2d at 1188. Furthermore, as we pointed out in *NTEU, IRS Fresno* appears "to be based primarily on its conclusion that the precomplaint conference did not constitute a 'formal' discussion" rather than on its brief analysis of the grievance issue. *Id.*

As it did with the grievance issue, the Air Force attempts to distinguish *NTEU* on the grounds that EEO proceedings utilized by Jones here are a different vehicle than MSPB proceedings utilized in *NTEU.* The Air Force notes that the Ninth Circuit has treated EEO proceedings and MSPB proceedings differently. *Compare IRS Fresno,* 706 F.2d 1019 (finding no formal discussion right in EEO proceeding) *with Dep't of Veterans Affairs Med. Ctr. v. FLRA,* 16 F.3d 1526 (9th Cir.1994) (finding a formal discussion right in MSPB proceeding). However, the Ninth Circuit itself has noted that our reasoning in *NTEU,* rejecting the *IRS Fresno* analysis, is more persuasive than that court's own

reasoning in *IRS Fresno. Veterans Affairs Med. Ctr.,* 16 F.3d at 1534 n. 4.

The Air Force also attempts to evade *NTEU* by emphasizing the primacy of an aggrieved employee's rights in the context of a discrimination claim. The Air Force notes that in *NTEU* we acknowledged in a footnote that "in the case of grievances arising out of alleged discrimination ...," Congress has explicitly decided that a conflict between the rights of identifiable victims of discrimination and the interests of the bargaining unit must be resolved in favor of the former." 774 F.2d at 1189 n. 12. However, the point we made in footnote 12 of *NTEU* is that "a *direct* conflict between the rights of an exclusive representative under § 7114(a)(2)(A) and the *rights* of an employee victim of discrimination should ... presumably be resolved in favor of the latter." *Id.* Such a direct conflict is not present here.

■   The Air Force argues that there is a conflict between the FLRA's construction of section 7114(a)(2)(A) and the confidentiality protections of both sections of the ADR Act (5 U.S.C. § 574(a) & (b)) and the Privacy Act, 5 U.S.C. § 552a. This argument fails because neither of the statutes cited by the Air Force prohibits union attendance at ADR proceedings. The provisions of the ADR Act cited by the Air Force concern only the confidentiality of communications made at an ADR proceeding and do not address what persons or parties may attend an ADR proceeding. 5 U.S.C. § 574.[1] Similarly, the Privacy Act concerns the confidentiality of records rather than what parties may attend an ADR proceeding, 5 U.S.C. § 552a, and this case does not present a situation where the presence of a union representative in an ADR proceeding would result in the reve-

---

**1.** It is not entirely clear whether the ADR Act is applicable in this case. The ADR Act by its terms is voluntary and merely supplements, rather than limits, other available ADR techniques. 5 U.S.C. § 572(c).

lation of confidential information in violation of the Privacy Act. In other words, neither the ADR Act nor the Privacy Act creates a conflict (much less a direct conflict) with section 7114(a)(2)(A).

The Air Force also argues that the FLRA's construction of section 7114(a)(2)(A) is impermissible because of EEOC regulation 29 C.F.R. § 1614.109(e), which provides that attendance at agency hearings is "limited to persons determined by the administrative judge to have direct knowledge relating to the complaint." However, as the Air Force acknowledged at oral argument, this regulation says nothing about what happens at ADR proceedings.

Left without a statute or regulation as a hook, the Air Force attempts to hang its hat on an agency manual, MD 110. Section VII of Chapter 3 of MD 110 addresses what it refers to as ADR "core principles." It states: "Confidentiality must be maintained by the parties, by any agency employees involved in the ADR proceeding and in the implementation of an ADR resolution...." MD 110, Ch. 3, § VII(A)(3). The Air Force contends that union presence at ADR proceedings would undermine the confidentiality of the process. This argument amounts to nothing more than the Air Force's doubt that union representatives can keep confidential matters confidential. Union representatives are often in the position of having to maintain confidentiality. More importantly, even assuming that an inconsistency between an agency manual and a statute constitutes a conflict, the Air Force again fails to show a conflict with the FLRA's construction of section 7114(a)(2)(A).

It is important to note one other reason why there is no direct conflict in this case. As the Air Force conceded, there is no evidence that Jones (the employee) objected to union presence at the mediation proceeding. We do not foreclose the possibili-

ty that an employee's objection to union presence could create a "direct" conflict that should be resolved in favor of the employee as described in footnote 12 of *NTEU*, 774 F.2d at 1189 n. 12. As there is no conflict present in the case before us, the FLRA's construction is permissible. Accordingly, the Air Force committed an unfair labor practice in failing to give Local 1709 notice of and the opportunity to be present at the mediation.

### III

With support from our precedent in *NTEU*, 774 F.2d at 1186–87, we read section 7103(a)(9)'s broad definition of "grievance" as encompassing both those complaints filed pursuant to a negotiated grievance procedure and those filed pursuant to alternative statutory procedures. In addition, we find permissible the FLRA's construction of section 7114(a)(2)(A) that provides Local 1709 the right to have a union representative present at the mediation of a formal EEO complaint filed by a bargaining unit employee. For these reasons, we deny the Air Force's petition for review and grant the FLRA's cross-application for enforcement of its order.